UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVONNE MICHELE GIBSON,

    Plaintiff,

v.                                                                                                        Case No. 17-11187
                                                                                                      Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation. **[Doc. No. 20]** Timely objections and a response to the objections were filed in this matter. **[Doc. Nos. 21 and 22]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

1

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff objects to what she claims was the Magistrate Judge "simply affirming the ALJ's credibility findings without further analysis beyond asserting that they were in the fact-finder's 'zone of choice.'" Dkt. No. 21, PgID 464. The Court finds that: (1) the Magistrate Judge did not simply assert that the ALJ's credibility findings were within the "zone of choice;" and (2) for the following reasons, the ALJ's credibility findings were withing the applicable zone of choice.

Plaintiff asserts that she underwent a significant amount of treatment, and she did see a family practitioner, get physical therapy, nerve blocks, steroid injections, and pain medication. Although Plaintiff disagrees, the ALJ explained her basis for concluding that the treatment Plaintiff received, which did not include surgery, was not "agressive" and did not support Plaintiff's claim of disability. Specifically, the ALJ considered the level of treatment Plaintiff received (or did

2

not receive) as a factor in evaluating Plaintiff's claims of impairment, as is permissible under the law. *See, e.g.*, 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v). The Court notes, as did the Magistrate Judge, that the RFC utilized by the ALJ took into account all of Dr. Peyton's findings. The record reflects that Plaintiff continued to work (at least) full-time from June 8, 2012 (her claimed disability date) until February 2013 [Doc. No. 12, at 56], and Plaintiff testified that she would have been able to continue working in that position if she could have done so in a seated position. [Doc. No. 12, at 59-60] One of the limitations the ALJ included in her RFC was that Plaintiff be able to remain seated. [Doc. No. 12, at 33]

Contrary to Plaintiff's objection, the Magistrate Judge did not equate Plaintiff's ability to cook with an ability to work full-time. The Court finds that: (1) the Magistrate Judge did not afford the ALJ "blind deference" regarding Plaintiff's credibility (specifically, regarding daily activities); and (2) Plaintiff has not established a compelling reason for reversing the ALJ. *Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013).

For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the determinations Plaintiff challenges in her objections, was supported by substantial evidence and was not based on any legally

erroneous determination. Further, the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge R. Steven Whalen **[Doc. No. 20, filed July 18, 2018]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objection **[Doc. No. 21, filed August 1, 2018]** is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 18, filed October 20, 2017]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 19, filed November 15, 2017]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

                               S/Denise Page Hood
                               Denise Page Hood
                               Chief Judge, United States District Court

Dated: August 22, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 22, 2018, by electronic and/or ordinary mail.

                                     S/LaShawn R. Saulsberry
                                     Case Manager